IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THIEN CANH LEE,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-2211-CM |
| ) | |
| **LSI MIDWEST LIGHTING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Thien Canh Lee brings this employment discrimination action *pro se*, claiming that his former employer LSI Midwest Lighting, Inc. discriminated against him on the basis of (1) race, color, religion, gender, or national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) disability in violation of the American with Disabilities Act of 1990 ("ADA"). The matter is before the court on Defendant LSI Midwest Lighting, Inc.'s Motion to Dismiss with Memorandum in Support (Doc. 10). Initially, plaintiff did not timely respond to the motion. The court entered an order to show cause why the motion should not be granted as uncontested, and plaintiff responded to the court's order and the motion at that time.

Plaintiff appears to claim that he did not timely respond to the motion because attorneys have refused to take his case. He also may be claiming that an ankle injury impacted his ability to respond, although his filing is less than clear. In any event, the court will now proceed to consider the motion, considering plaintiff's untimely response to the motion.

Defendant moves to dismiss plaintiff's employment discrimination complaint for failure to exhaust his administrative remedies.  Exhaustion of administrative remedies is a prerequisite to instituting a Title VII or ADA action in federal court.  *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (citation omitted) (ADA).  The exhaustion requirement is jurisdictional, *Shikels v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (Title VII); *Kear v. Bd. of Cnty. Comm'rs of Sedgwick Cnty., Kan.*, 491 F. Supp. 2d 1052, 1055 (D. Kan. 2007) (ADA), and plaintiff must "plead and show" it to avoid dismissal, *Cudjoe v. Independence Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002).

In this case, plaintiff specifically marked in his complaint that:

- He did not file a charge of discrimination with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights;
- He did not file a charge of discrimination with the Equal Employment Opportunity Commission or other federal agency; and
- He has not received a Notice of Right-to-Sue Letter.

Plaintiff also marked that "60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission."  But this is not otherwise supported by his complaint; as plaintiff also indicated that he did **not** file a charge of discrimination, and he has not attached one to his complaint.  Plaintiff did attach decisions from the Kansas Department of Labor and the Employment Security Review Board.  It appears that plaintiff attempted to seek review of a decision on unemployment benefits, but not on discrimination.  This distinction is fatal to plaintiff's claims of discrimination.  In plaintiff's response to defendant's motion, he appears to claim that he did not understand that he was required to exhaust.  Plaintiff's unsupported allegation, however, is insufficient to demonstrate that this court can assert jurisdiction over his claims.

Because plaintiff has failed to show that he exhausted his claims of discrimination, the court grants defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant LSI Midwest Lighting, Inc.'s Motion to Dismiss with Memorandum in Support (Doc. 10) is granted.

The case is closed.

Dated this 25th day of June, 2012, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**